IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA CHURA, et al.,            )
                                 )
    Plaintiffs,                  )
                                 )
                                 )   Case No. 11-2090-CM-DJW
v.                               )
                                 )
DELMAR GARDENS OF LENEXA,        )
INC.,                            )
                                 )
    Defendant.                   )

### DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Delmar Gardens of Lenexa, Inc. and for its Response to Plaintiff Amanda Chura's First Request for Production of Documents, states as follows:

### DOCUMENT REQUESTS

**Document Request No. 1:** Identify and produce each document concerning the knowledge of the individuals identified in response to Plaintiffs' (Chura, Cook and/or Gilstrap) Interrogatory No.1.

**Answer:**   See documents produced, including Plaintiff Cook and Plaintiff Chura's written complaints, and Plaintiffs Cook, Chura and Gilstrap's personnel files

**Document Request No.2:** Identify and produce each document mentioning the complaints identified in response to Plaintiffs' Interrogatory No.2 (Chura, Cook and/or Gilstrap) and Employer's response (if any).

**Answer:**   See documents produced, including, Amanda Chura's Charge of Discrimination and Complaint, Betty Cook's Charge of Discrimination and Complaint, David



Gilstrap's Charge of Discrimination and Complaint. Defendant reserves the right to supplement its response to Request No. 2.

**Document Request No.3:** Identify and produce each document concerning Employer's awareness of Plaintiffs' (Chura, Cook and/or Gilstrap) allegations of discrimination, sexual harassment and/or retaliation.

**Answer:** See documents produced, including Plaintiff Chura and Plaintiff Cook's written complaints and Plaintiffs Chura, Cook and Gilstrap's Charge of Discrimination.

**Document Request No.4:** Identify and produce each document memorializing Employer's efforts to preserve documents and/or electronically stored information, including any communications to employees, managers and/or supervisors. Include (i) a copy of Employer's document retention policy in effect at the time such communication was received (ii) any diagrams or manuals explaining the construction and/or operation of Employer's computer network.

**Answer:** Defendant objects to Request No. 4 as it seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence and to the extent that it seeks documents protected by the attorney-client privilege. Subject to and without waiving said object, Defendant states that it was instructed by Counsel to take steps to preserve all evidence that is potentially relevant to this litigation, including all documents, recordings, electronically stored information, and physical objects.

2

**Document Request No.5:** Produce all documents concerning any investigation made by Employer in response to Plaintiffs' (Chura, Cook and/or Gilstrap) complaints of discrimination, sexual harassment and retaliation, including but not limited to each document created as a result of Plaintiffs' (Chura, Cook and/or Gilstrap) complaints to human resources, any documents concerning discipline of any alleged harasser or employee who engaged in retaliation. Identify the author of each such document.

**Answer:** Defendant objects to Request No. 5 to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving said objections, Defendant reserves the right to supplement its response to Request No. 5 after further investigation and discovery.

**Document Request No. 6:** Produce all documents concerning Employer's policy to prevent harassment and/or discrimination and/or retaliation, Plaintiffs' (Chura, Cook and/or Gilstrap) utilization of such policy (or alleged failure to use such policy), all documents concerning Plaintiffs' (Chura, Cook and/or Gilstrap) awareness of the policy and all documents concerning any training provided by Employer to its employees for the past five years, including any proof Plaintiffs' (Chura, Cook and/or Gilstrap) received a copy or such written policy or such training. Identify the author of each such document.

**Answer:** See documents produced, including Delmar Gardens Personnel Policies, and documents contained in the personnel files for Plaintiffs Chura, Cook and Gilstrap.

3

**Document Request No.7:** Produce all documents that refer, relate to or reflect Defendant's efforts to prevent retaliation against Plaintiffs' (Chura, Cook and/or Gilstrap).

**Answer:** See documents produced, including Delmar Gardens Personnel Policies, and documents contained in the personnel files for Plaintiffs Chura, Cook and Gilstrap.

**Document Request No.8:** Produce all documents concerning the reasons for Plaintiffs' (Chura, Cook and/or Gilstrap) termination.

**Answer:** See documents produced, including the personnel files for Plaintiffs Chura, Cook and Gilstrap.

**Document Request No.9:** Produce any electronically stored information received, sent or created by Tonya Bennett ("Harasser") that contain any of the following ASCII strings:

adult film
adult video
anal
ass
bikini
bitch
bitches
blow job
boob
boobs
breast
breasts
butt
buttocks
butt hole
clit
clits
cock

4

cocks
cocksucker
coochie
coochy
cunt
cunts
dick
dicks
dildo
dildos
fag
faggot
fuck
fucking
fucking me
jerk
jerking me
g-string
joke
kiss
milf
milfs
muff
muff diver
naked
panties
pasties
pole dance
pack of beers
poontang
porn
pornography
prostitute
prostitutes
pussy
sex
sexual
sexual harassment
skank
skanks
slut
sluts
spit out
strip
suck
sucks

swap
swap party
swapping
tattoo
thong
tit
tits
topless
vagina
vaginas
vibrator
whore
whores
wife swap
XXX
xxx

**Answer:** Defendant objects to Document Request No. 9 on the grounds that it is overly burdensome, and seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced.

**Document Request No. 10:** Produce any electronically stored information received, sent or created by Tonya Bennett that contain any sexual or nude images.

**Answer:** Defendant objects to Document Request No. 10 on the grounds that it is overly burdensome, and seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced.

**Document Request No. 11:** Produce any electronically stored information received, sent or created by anyone in the employ of Employer that contain any of the following ASCII strings:

6

Tonya or Bennett sexual harassment
Tonya or Bennett harassing
Tonya or Bennett harass
Tonya or Bennett sex
Tonya or Bennett inappropriate
Tonya or Bennett vulgar
Tonya or Bennett uncomfortable
Tonya or Bennett near her
Tonya or Bennett around her
Tonya or Bennett workspace
Tonya or Bennett work area
Tonya or Bennett tasteless
Tonya or Bennett offensive
Tonya or Bennett language
Tonya or Bennett joke
Tonya or Bennett jokes
Tonya or Bennett date
Tonya or Bennett dates
Tonya or Bennett touch
Tonya or Bennett touches
Tonya or Bennett dick
Tonya or Bennett penis
Tonya or Bennett butt
Tonya or Bennett buttocks
Tonya or Bennett breast
Tonya or Bennett breasts
Tonya or Bennett retaliate

**Answer:** Defendant objects to Document Request No. 11 on the grounds that it is overly burdensome, and seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced.

**Document Request No. 12:** Identify and produce all documents concerning the complete personnel files, disciplinary files, applications for employment, all documents concerning performance, discipline (including supporting or related documents), attendance records, criminal records (if any) and documents concerning leaves of absence, qualifications,

7

termination and training as well as all documents concerning compensation, including payroll records, of Plaintiffs (Chura, Cook and/or Gilstrap).

**Answer:** See documents produced, including the personnel files for Plaintiffs, Chura, Cook and Gilstrap.

**Document Request No. 13:** Identify and produce all documents reflecting, referring or relating to the Charges filed by Plaintiffs (Chura, Cook and/or Gilstrap) against Employer with the Equal Employment Opportunity Commission identifying.

**Answer:** See documents produced, including Charges of Discrimination for Plaintiffs Chura, Cook and Gilstrap.

**Document Request No. 14:** Identify and produce all documents reflecting, referring or relating to the charges of sexual harassment, discrimination or retaliation filed by any employee, manager and/or supervisor against Employer (including complaints against any manager, supervisor or office) in the past five years.

**Answer:** See documents produced, including Charge of Discrimination filed by Andre White and Charges of Discrimination filed by Plaintiffs Chura, Cook and Gilstrap.

8

**Document Request No. 15:** Identify and produce all documents concerning non-privileged communications concerning this lawsuit.

**Answer:** Defendant objects to Request No. 15 to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving said objections, see documents produced.

**Document Request No. 16:** Identify and produce all documents reflecting the organization of Employer during the period covered in the Complaint, including organizational charts.

**Answer:** Defendant objects to Document Request No. 16 on the grounds to the extent it seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Defendant does not have an organizational chart of Employer. The Facility Administrator of Delmar Gardens Lenexa reports to the President and CEO of Delmar Gardens Enterprises, Gabe Grossberg. Within Delmar Gardens Lenexa, each of the various departments (nursing, food services, admissions, etc) have a director who reports to the Facility Administrator.

**Document Request No. 17:** Identify and produce all recordings, video or audio, which relate to the Complaint, Answer or Counterclaims.

**Answer:** None.

9

**Document Request No. 18:** Identify and produce all documents, including but not limited to guidelines and training materials, relating to the manner in which investigations into allegations of sexual harassment and/or discrimination are made.

**Answer:** See documents produced, including Delmar Garden's Personnel Handbook & Policies, and documents contained in the personnel files for Plaintiff's Chura, Cook & Gilstrap

**Document Request No. 19:** Identify and produce all documents concerning any 'litigation hold' documents created in connection with Plaintiffs' (Chura, Cook and/or Gilstrap) claims, including but not limited to any correspondence, memorandum, emails or other documents that direct Employer's employees to maintain files that might concern any of the allegations made by Plaintiffs (Chura, Cook and/or Gilstrap) that are the subject of the instant suit.

**Answer:** Defendant objects to Request No. 19 as it seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence and to the extent that it seeks documents protected by the attorney-client privilege. Subject to and without waiving said object, Defendant states that it was instructed by Counsel to take steps to preserve all evidence that is potentially relevant to this litigation, including all documents, recordings, electronically stored information, and physical objects.

**Document Request No. 20:** Identify and produce all documents gathered in connection with any investigation conducted in connection with Plaintiffs' (Chura, Cook and/or Gilstrap) claims.

**Answer:** Defendant objects to Document Request No. 20 on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving said objection, Defendant reserves the right to supplement its response to Request No. 20 after further investigation and discovery.

**Document Request No. 21:** To the extent not contained in Harasser's personnel file, identify and produce all documents concerning any separation agreement, severance agreement, resignation letter and any other document referring, reflecting or relating to Harasser's separation from Employer, including without limitation documents that reflect the reason for the separation.

**Answer:** See documents produced, including personnel file for Tanya Bennett.

**Document Request No. 22:** Identify and produce all documents concerning schematics showing the structure and functioning of: Employer's computer systems, including user computers, and servers; Employer's email system, including MS Exchange server, Employer's system for making tape or other backups of the above; Employer's audio and video recording equipment, location of cameras, microphones, servers, hard drives, backup systems, and reflecting which computer, audio and video recordings are backed up on to which device.

**Answer:** Defendant objects to Request No. 22 as being overly broad, unduly burdensome and to the extent that it seeks information that is not relevant to the issues of this lawsuit. Subject to and without waiving said objection, Defendant's IT services are contracted

out to a third-party contractor. Defendant reserves the right to supplement its response to Request No. 22.

**Document Request No. 23**: Identify and produce all documents concerning discipline, reprimand, docking of pay, suspension, reduction of pay, reductions of title, reduction of responsibilities, concerning Harasser.

**Answer:** See documents producing, including documents contained in Tanya Bennett's personnel file.

**Document Request No. 24**: Identify and produce copies of any and all correspondence or any other documents reflecting communications with third parties including, but not limited to, any and all police departments and/or other government agencies including the Internal Revenue Service, public welfare agencies, as well as hospitals and/or other health care providers, private persons, and businesses concerning Employer's efforts to obtain documents or information concerning Plaintiffs (Chura, Cook and/or Gilstrap).

**Answer:** See documents produced, including documents contained in the personnel files of Plaintiffs Chura, Cook and Gilstrap.

**Document Request No. 25:** Identify and produce all documents received in response to subpoenas in the instant case.

**Answer:** None.

**Document Request No. 26:** Identify and produce any cell phones or cameras provided to the Harasser and any of the Plaintiffs (Chura, Cook and/or Gilstrap) for their use by Employer for inspection by Plaintiffs' counsel at a mutually convenient date and time.

**Answer:** Defendant objects to Request No. 26 as it seeks information that is not relevant to the issues involved in this lawsuit. Subject to and without waiving said objection, Defendant did not provide any of the Plaintiffs or the alleged Harasser with a company cell phone or camera.

**Document Request No. 27:** Identify and produce all documents concerning the complete personnel files, disciplinary files, applications for employment, all documents concerning performance, discipline (including supporting or related documents), attendance records, criminal records (if any) and documents concerning leaves of absence, qualifications, termination and training of Harasser.

**Answer:** See documents produced, including Tanya Bennett's personnel file.

13

**Document Request No. 28:** Provide the name, last known address, telephone number and cellular phone number of each CNA and nurse employed by Employer from January 1, 2008 to present.

**Answer:** Defendant objects to Document Request No. 28 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Defendant shall supplement its response to this request under separate cover.

Respectfully submitted,

HESSE MARTONE, P.C

By: /s/ Andrew J. Martone
    Andrew J. Martone, #78217
    1650 Des Peres Road, Suite 200
    St. Louis, MO 63131
    (314) 862-0300 – Telephone
    (314) 862-7010 – Facsimile
    andymartone@bobroffhesse.com
    *Attorneys for Defendant*
    *Delmar Gardens of Lenexa, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was sent via First Class U.S. Mail, postage prepaid, on this 5th day of August, 2011, to the following:

Michael A. Williams
Williams Law, LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamslawllc.com

    /s/ Andrew J. Martone