IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA CHURA, et al.,                )
                                     )
        Plaintiffs,                  )
                                     )
                                     )   Case No. 11-2090-CM-DJW
v.                                   )
                                     )
DELMAR GARDENS OF LENEXA,            )
INC.,                                )
                                     )
        Defendant.                   )

## DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant Delmar Gardens of Lenexa, Inc. and for its Response to Plaintiff Amanda Chura's First Request for Production of Documents, states as follows:

## INTERROGATORIES

**Interrogatory No. 1:** Identify each person who may have knowledge of the facts concerning the allegations in the Complaint or the Answer, and state your understanding of their knowledge.

**Answer:**

(a)     Jim Drozda, Facility Administrator for Delmar Gardens, may have information regarding Plaintiffs' allegations of harassment, Plaintiffs' allegations of retaliation, Plaintiff Amanda Chura's claim of constructive discharge, Plaintiff David Gilstrap's claim of violation of the Family Medical Leave Act, Plaintiff Gilstrap's allegations of violations of the Federal Labor Standards Act and the Kansas Wage Payment Act, Plaintiffs' conduct and the response of Delmar Gardens to Plaintiffs' allegations of harassment.

(b)     Kathy Hamann, Human Resources Director, may have information regarding Plaintiffs' allegations of harassment, Plaintiffs' allegations of retaliation, Plaintiff Amanda Chura's claim of constructive discharge, Plaintiff David Gilstrap's claim of violation of the Family Medical Leave ACT, Plaintiff Gilstrap's allegations of violations of the Federal Labor Standards Act and the Kansas Wage Payment Act, Plaintiffs' conduct and the response of Delmar Gardens to Plaintiffs' allegations of harassment.



(c)     Tanya Bennett, Human Resources Manager/Payroll Coordinator for Delmar Gardens, may have information regarding Plaintiffs' allegations of harassment, Plaintiffs' allegations of retaliation, Plaintiff Amanda Chura's claim of constructive discharge, Plaintiff David Gilstrap's claim of violation of the Family Medical Leave ACT, Plaintiff Gilstrap's allegations of violations of the Federal Labor Standards Act and the Kansas Wage Payment Act, Plaintiffs' conduct and the response of Delmar Gardens to Plaintiffs' allegations of harassment.

(d)     Erica Riano, Admissions Coordinator for Delmar Gardens, may have information regarding Plaintiffs' allegations of harassment, Plaintiff Amanda Chura's claim of constructive discharge, and Plaintiff Chura's conduct.

(e)     Pam Shipman, Vice President of Operations for Delmar Gardens, may have information regarding Plaintiffs' allegations of harassment, Plaintiffs' allegations of retaliation, Plaintiff Amanda Chura's claim of constructive discharge, Plaintiff David Gilstrap's claim of violation of the Family Medical Leave Act, Plaintiff Gilstrap's allegations of violations of the Federal Labor Standards Act and the Kansas Wage Payment Act, Plaintiffs' conduct and the response of Delmar Gardens to Plaintiffs' allegations of harassment.

(f)     Charles Whaley, former Maintenance Worker for Delmar Gardens, may have information regarding Plaintiff David Gilstrap's job performance.

(g)     Alejandro Rodriguez, Floor Technician for Delmar Gardens, may have information regarding Plaintiff David Gilstrap's job performance.

(h)     Moises Palos, Floor Technician for Delmar Gardens, may have information regarding Plaintiff David Gilstrap's job performance.

(i)     Mike Mumau, Environmental Director for Delmar Gardens, may have information regarding Plaintiff David Gilstrap's job performance.

(j)     Kelly Leech, former Director of Nursing for Delmar Gardens, may have information regarding Plaintiff Amanda Chura's job performance and resignation.

**Interrogatory No. 2:** For the past ten years, identify all persons who have worked or worked at Defendant Delmar Gardens of Lenexa (hereafter "Employer") who have made complaints of employment discrimination, a hostile work environment, or retaliation, against

Employer, its employees, managers, supervisors and/or officers, set forth the allegations of each complaint in detail and describe in detail any action taken by Employer in response to each such complaint. "Complaints" include informal complaints, verbal complaint, written complaints, lawsuits, agency filings, and any other means by which employees have attempted to communicate concerning employment discrimination, a hostile work environment or retaliation.

**Answer:**

(a) Andre White filed a Charge of Discrimination with the Kansas Human Rights Commission in September of 2009, alleging race discrimination against Delmar Gardens of Lenexa. The Kansas Human Rights Commission issued a finding, on February 10, 2010, of no probable cause.

(b) Darrell English complained about harassing behavior on the part of then Director of Nursing Kelly Leech, in late 2009/early 2010. Kelly Leech was suspended pending an investigating into the complaint, but resigned her position prior to the investigation being completed.

(c) Amanda Chura filed a Charge of Discrimination with the EEOC alleging hostile work environment sexual harassment and retaliation. Chura filed a lawsuit in the United States District Court for the District of Kansas after requesting and receiving a Right to Sue Notice for the EEOC.

(d) Betty Cook filed a Charge of Discrimination with the EEOC alleging hostile work environment sexual harassment and retaliation. Chura filed a lawsuit in the United States District Court for the District of Kansas after requesting and receiving a Right to Sue Notice for the EEOC.

(e) David Gilstrap (filed a Charge of Discrimination with the EEOC alleging hostile work environment sexual harassment, retaliation and age discrimination. Gilstrap filed a lawsuit in the United States District Court for the District of Kansas after requesting and receiving a Right to Sue Notice for the EEOC.

**Interrogatory No. 3:**  Set forth in detail which of Plaintiff Chura, Cook and/or Gilstrap's (collectively referred to as Plaintiffs") allegations of discrimination, harassment and/or retaliation set forth in the Complaint Employer was aware of prior to the service of the Complaint in this lawsuit.  Identify the employee(s) or individual(s) who were aware of such facts, the source of their knowledge, the facts of which each such employee or individual was aware, and Defendants' response to such facts, if any.

**Answer:**     Prior to the service of the Complaint in this lawsuit, Delmar Gardens was made aware of some of the allegations raised in the Plaintiffs' Complainant after the Plaintiffs filed separate Charges of Discrimination with the EEOC.  While Plaintiff Chura and Plaintiff Cook each submitted a written "complaint" prior to filing their Charges, the allegations raised by Plaintiff Chura and Plaintiff Cook in those complaints, and in their subsequent discussions with Jim Drozda and Kathy Hamann, failed to raise claims of sexual harassment and/or discrimination.  Defendant reserves the right to supplement its response to Interrogatory No. 3 after further investigation and discovery.

**Interrogatory No. 4:**   If Employer received a communication from Plaintiffs or Plaintiffs' counsel demanding that documents, electronically stored information or both be preserved, state the date on which such communication was received, and set forth in detail what steps Employer took to preserve documents and/or electronically stored information , including without limitation, removing computes from use by employees, imaging or copying media, stopping the routine overwriting or destruction of backup media, retaining a forensic consultant, searching for files, searching for deleted files, advising employees of the need to preserve documents and/or electronically stored information.

**Answer:**     Defendant objects to Request No. 4 as it seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence and to the extent that it seeks documents protected by the attorney-client privilege.

Subject to and without waiving said object, Defendant states that it was instructed by Counsel to take steps to preserve all evidence that is potentially relevant to this litigation, including all documents, recordings, electronically stored information, and physical objects.

**Interrogatory No. 5:** Identify each individual who participated in any investigation initiated by Employer's response to Plaintiffs' complaints of discrimination, harassment, and/or retaliation and describe the actions of such individuals in detail.

**Answer:** Jim Drozda and Kathy Hamann investigated the allegations raised by both Plaintiff Chura and Plaintiff Cook's in their October 2009 written complaints regarding Tanya Bennett. Both Drozda and Hamann spoke with Chura and Cook separately to address their individual concerns. Following those conversations, Drozda and Hamann met with Tonya Bennett to address the issues raised by Chura and Cook. Defendant reserves the right to supplement its response to Interrogatory No. 5 after further investigation and discovery.

**Interrogatory No. 6:** If the answer asserts an affirmative defense that Employer exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and the Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Employer to avoid harm, describe in detail exactly how Employer exercised reasonable care to prevent the discrimination, retaliation and/or harassment, including any training or documents distributed to employees, how Employer corrected any such activity,

and specifically how Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Employer to avoid harm.

      **Answer:** Defendant has in place a Sexual Harassment Policy which provides for a reporting mechanism. Plaintiffs received the Sexual Harassment Policy, yet failed to utilize prior to the filing of their Charges of Discrimination and subsequent Complaint.

      **Interrogatory No. 7**: Describe fully and in detail (including the names and positions of the individuals involved, and the relevant dates) what steps, if any, Employer took to prevent retaliation against Plaintiffs.

      **Answer:** Defendant objects to Interrogatory No. 7 as being ambiguous. Subject to and without waiving said object, Defendant applied its Sexual Harassment Policy.

      **Interrogatory No. 8**: If Plaintiffs were terminated, state specifically the reason for each plaintiff's termination, including without limitation, any alleged performance deficiencies, and identify all persons who witnessed these performance deficiencies.

      **Answer:** Plaintiff Chura submitted a written resignation letter on December 30, 2009, which stated that her last day of work was to be January 31, 2010. Plaintiff Cook's employment was terminated as a result of her inadequate job performance, as well as a violation of HIPAA. Plaintiff Gilstrap's employment was terminated as a result of his poor performance, repeated disciplinary problems, negative and insubordinate attitude toward his supervisors, as well as for his inability to follow his physician's medical restrictions following the injury to his hand.

**Interrogator No. 9:**  Identify each employee who worked at Employer during the period covered by the Complaint and provide the last known contact information for each person identified, including telephone number and cellular phone number, if available.  Indicate whether each person identified in the response to this Interrogatory currently is employed by Employer and whether or not any current employee identified is a supervisor.

  **Answer:**  *Defendant objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant, invades the privacy rights of third-parties and not reasonably calculated to lead to the discovery of admissible evidence. Defendant reserves the right to supplement its response to Interrogatory No. 9 after further investigation and discovery.*

**Interrogatory No. 10:**  From June 1, 2008 through January 31, 2010, please identify all supervisors and managers who were responsible for investigating or addressing:  (1) written and verbal reprimands of Amanda Chura; (2) Ms. Chura's work schedule; (3) Ms. Chura's work performance; (4) Ms. Chura's complaints concerning the work environment at DGL; and (5) Ms. Chura's complaints of retaliation.

  **Answer:**

  (1) Jim Drozda, Facility Administrator

  (2) Director of Nursing – Kelly Leech, then Kimbra Roseberg

  (3) Facility Administrator, Jim Drozda, and Director of Nursing – Kelly Leech, then Kimbra Roseberg

  (4) Facility Administrator, Jim Drozda, and Human Resources Director, Kathy Hamman

(5) If Delmar Gardens had received a complaint of retaliation by Plaintiff Chura prior to her May 2010 Charge of Discrimination, Facility Administrator, Jim Drozda, and Human Resources Director, Kathy Hamman, would have been responsible for investigating and addressing complaints of retaliation.

Defendant reserves the right to supplement its response to Interrogatory No. 10 after further investigation and discovery.

**Interrogatory No. 11:**   From June 1, 2008 to January 31, 2010, please identify all written or verbal complaint or problem received by you concerning or related to Ms. Chura, providing: (1) the identify of the person making the complaint; (2) the date it was made; and (3) state whether and when you informed Ms. Chura of the complaint or problem.

**Answer:**      Defendant objects to Interrogatory No. 11 on the grounds that the request seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving said objection, Erica Riano complained that it Plaintiff Chura was difficult to work with when Plaintiff Chura was assisting Riano to adjust to the Admissions Coordinator position. Defendant reserves the right to supplement its response to Interrogatory No. 11 after further investigation and discovery.

**Interrogatory No. 12:**   From June 1, 2008 to January 31, 2010, identify each and every communication concerning Ms. Chura's hire, job performance, wages, complaints or investigations into any of Ms. Chura's complaints, between any of your agents, representatives, officers, managers, or employees, stating the dating of the communication; the author or participation(s) of the communication, any assumed name(s) or alias/es of the author or

participant(s), the address and business phone number of the author or participant(s), the content of the communication, the purpose of the communication, and whether the communication was oral or written.

**Answer:** Defendant objects to Interrogatory No. 12 on the basis that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving said objections, communications regarding Ms. Chura's hire, job performance, wages, and complaints or investigations into complaints are enclosed in Ms. Chura's personnel file. Defendant reserves the right to supplement its response to Interrogatory No. 12 after further investigation and discovery.

**Interrogatory No. 13:** From June 1, 2008 to present, state whether you have contacted any third persons, including Ms. Chura's neighbors or relatives in connection with Ms. Chura's hire, employment, complaints, resignation or for any other reason, and identify the date, name of each person involved with the contact, the purpose of each contact, and a summary what was communicated to you and the third person.

**Answer:** Defendant objects to Interrogatory No. 13 on the grounds that the request seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, that it invades the right to privacy of third parties, and to the extent it requests documents protected from disclosure by the attorney-client privilege or work product doctrine. Defendant reserves the right to supplement its response to Interrogatory No. 13 after further investigation and discovery.

**Interrogatory No. 14:**  Please state whether any of your current or former employees who worked at your Lenexa, Kansas nursing home received any disciplinary action, reprimand or memorandum of concern regarding any allegations contained in Plaintiff's complaint.

**Answer:**     None.     Defendant reserves the right to supplement its response to Interrogatory No. 14 after further investigation and discovery.

**Interrogatory No. 15:**  Please state the net worth of DGL.

**Answer:**     Defendant objects to Interrogatory No. 15 on the grounds that the request seeks information not relevant to the issues in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects to Interrogatory No. 15 because such information is not discoverable as to Defendant or Plaintiff's employer, Delmar Gardens of Lenexa, Inc., prior to the Court making a preliminary finding that Plaintiff can present a submissible claim for punitive damages.

Respectfully submitted,

HESSE MARTONE, P.C

By:     /s/ Andrew J. Martone
        Andrew J. Martone, #78217
        1650 Des Peres Road, Suite 200
        St. Louis, MO  63131
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@bobroffhesse.com

        *Attorneys for Defendant*
        *Delmar Gardens of Lenexa, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was sent via First Class U.S. Mail, postage prepaid, on this 5th day of July, 2011, to the following:

Michael A. Williams
Williams Law, LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamslawllc.com

/s/ Andrew J. Martone

STATE OF *Missouri*
COUNTY OF *St. Louis*

The below-named person, being first duly sworn, affirms having read the foregoing interrogatories and that the answers given are true to the best of affiants knowledge and belief.

*Kathy Hamann*

Subscribed and sworn to before me this __5th__ day of __August__, 20 __11__.

*Shannon K. Davis*
Notary Public

My Commission Expires:

SHANNON K. DAVIS
Notary Public - Notary Seal
State of Missouri
Commissioned for Jefferson County
My Commission Expires: March 08, 2014
Commission Number: 10583738

{168326.DOC }